Kyle T. Cutts
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.861.7576
Facsimile: 216.696.0740
Email: kcutts@bakerlaw.com

*Attorney for Defendant*
AT&T INC.

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERT ELLIOTT,

Plaintiff,

v.

AT&T INC.; and DOES 1 through 10, inclusive,

Defendant.

CASE NO.: '24CV1282 AJB DEB

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal, Defendant AT&T Inc. ("AT&T") removes the action filed by Plaintiff Robert Elliott ("Plaintiff") in the Superior Court of the State of California, in and for the County of San Diego, entitled *Robert Elliott v. AT&T Inc., and Does 1 through 10, inclusive*, Case No. 37-2024-00028151-CL-NP-CTL, to the United States District Court for the Southern District of California.

## I. BACKGROUND

1. On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online by a cybercriminal approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. Numerous class actions were quickly filed nationwide against both AT&T and its affiliate entities. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident and claim AT&T failed to safeguard personal information in violation of common law, contracts, and consumer protection statutes. As of July 23, 2024, at least 60 related putative class actions have been filed against AT&T and/or its affiliated entities, in 12 federal district courts in 8 states in connection with the incident.

2. On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation (JPML) to consolidate pending federal court actions in multidistrict litigation (MDL) in the Northern District of Texas. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 139.

3. On June 14, 2024, Plaintiff Robert Elliott filed a Complaint against AT&T Inc. arising from the same alleged data incident in the Superior Court of the State of California, San Diego County. Specifically, Mr. Elliott brings claims for negligence, violations of the California Customer Records Act, and violations of the California Consumer Privacy Act. A true and correct copy of Mr. Elliott's Complaint is attached as **Exhibit A**.

4. AT&T was served with Mr. Elliott's Complaint on June 24, 2024.

5. A copy of the state court docket sheet and all other records and proceedings in the state court action are attached hereto as **Exhibit B**. To the best of AT&T Inc.'s knowledge and belief, no further pleadings, process, orders, or other documents have been filed, served, or issued in this case to date. No responsive pleading has been filed by AT&T.

6. AT&T is informed and believes that Mr. Elliott has not amended his Complaint by substituting the true names for any Doe Defendants.

## II. GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(A)

30. This action is removable pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.

### A. Complete diversity exists.

31. Complete diversity exists here because Mr. Elliott alleges he is a citizen of the State of California (Ex. A, Compl. ¶ 2) and AT&T is a citizen of the states of Delaware and Texas.

32. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. Here, Mr. Elliott is a citizen of California.

33. AT&T is a corporation organized under the laws of Delaware with its principal place of business in Texas. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, AT&T is a citizen of Delaware and Texas.

34. Moreover, although Mr. Elliott has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding unnamed defendants are not required to join in a removal petition).

**B. The amount in controversy exceeds $75,000.**

35. Although AT&T denies Mr. Elliott's allegations—and fully reserves its rights to contest their adequacy—Mr. Elliott's request for actual damages, statutory damages, attorney's fees, costs and "other and further relief" easily exceeds 28 U.S.C. § 1332(a)'s amount-in-controversy requirement.

36. Here, Mr. Elliott proposes to limit his damages to "not [] more than $74,000." Ex. A, Compl., Statement of Damages. But at the same time, he claims entitlement to "damages in an amount to be proven at trial," *id.* ¶ 36, which demonstrates that he does not intend to limit his request for relief to the amount stated in his complaint. Indeed, the allegations in his complaint conclusively establish that he seeks damages in an amount exceeding $75,000.

37. <u>Emotional distress</u>. Mr. Elliott claims he suffered damages for emotional distress and anxiety. Ex. A, Compl. ¶ 11.

38. "Emotional distress damages may be considered in assessing the amount in controversy and courts may look to damages awarded in similar cases in the geographic area." *Tellez-Lagunas v. Hyatt Corp.*, 2022 WL 5133501, at *4 (S.D. Cal. Oct. 4, 2022). And courts have awarded more than $74,000 for emotional distress in identify theft and data incident cases.

39. For example, in *Drew v. Equifax Info. Servs., LLC*, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010), the Northern District of California upheld a jury award of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

$315,000 in emotional distress damages arising out of plaintiff's claim that he was the victim of identity theft. *Id.* at *2– 3. Likewise, in *Aguirre v. Capital One Bank USA N.A.*, 2023 WL 4046836 (C.D. Cal. June 15, 2023), the Central District of California held that similar allegations of emotional harm resulting from a data breach supported an "estimate that emotional distress damages could exceed $75,000." *Id.* at *3.

40. Attorney's Fees. "In calculating the amount in controversy, a court must include a reasonable amount of a potential award of attorney's fees to a plaintiff, if such an award is permitted under the statutory or common law basis for a plaintiff's claims." *Patra v. General Motors LLC*, 2024 WL 780721, at *4 (N.D. Cal. June 25, 2024).

41. Mr. Elliott requests attorney fees for violations of the California Customer Records Act (CRA) and Consumer Privacy Act (CCPA). Ex. A, Compl. ¶¶ 20, 30.

42. The CCPA authorizes the Court to award "any other relief the court deems proper," Cal. Civ. Code § 1798.150(a), and courts have considered attorney fees when holding that the amount in controversy is exceeded for CCPA claims. *See Gershfield v. TeamViewer US, Inc.*, 2021 WL 839158, at *1–2 (C.D. Cal. March 4, 2021).

43. To determine the fees at issue, the court may look to the "history of fees requested by the plaintiff's counsel." *Selinger v. Ford Motor Co.*, 2023 WL 2813510, at *11 (C.D. Cal. Apr. 5, 2023).

44. In prior cases, plaintiff's counsel Mr. Golden has sought an hourly rate of $350. *See Thao v. Law Offices of Christopher Glenn Beckom*, 2018 WL 2002441, at *5 (E.D. Cal. Apr. 30, 2018) (awarding attorney fees for Mr. Golden's work at a rate of $350/hr); *see also* Motion for Attorney Fees, *Caldwell v. Titlemax of California, Inc.*, 2018 WL 8343560 (Cal. Super. Jan. 24, 2018) (seeking fees for Mr. Golden's work at a rate of $350/hr).

45. Thus, only 215 hours of work at Mr. Golden's rate of $350/hr would be sufficient to exceed the amount in controversy. That number will be easily exceeded in this complex matter, which requires determination of duties allegedly owed by AT&T; whether those duties were breached in connection with a criminal cyberattack on AT&T; how the incident happened; whether plaintiff was impacted by the breach; and whether corrective actions were needed or adequate.

* * * * *

46. In sum, Mr. Elliott's Complaint demonstrates that he is seeking in excess of the statutory minimum of $75,000.[1]

## III. Jurisdiction Pursuant to Pending Class Actions

47. Finally, because the JPML has consolidated related matters into an MDL, Mr. Elliott's suit is subsumed into cases subject to consolidation. *See, e.g.*, *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010) (courts may look past the manner in which plaintiffs limit their putative classes where plaintiffs "are already properly before [the MDL] Court"); *see also Sanders v. Kia Am. Inc.*, 2023 WL 3974966 (C.D. Cal. June 13, 2023) (similar); *Simon v. Marriott Int'l, Inc.,* 2019 WL 4573415 (D. Md. Sept. 20, 2019) (similar).

48. For example, the lead case before the JPML, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), alleges a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024." *Id.*, ECF No. 1, ¶ 140. The allegations in this case—and multiple others with the same or similar class definition and underlying allegations—are now

[1] By removing this action to this Court, AT&T does not concede that it has any liability, let alone liability greater than the jurisdictional minimum. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Moda v. Priceline.com, Inc.*, 2006 WL 3327871, at *1 (9th Cir. 2006) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).



Baker & Hostetler LLP
Attorneys at Law

consolidated in an MDL before Judge Ada Brown of the Northern District of Texas. *E.g.*, *Nguyen v. AT&T Mobility LLC*, Case No. 5:24-cv-03574 (N.D. Cal.), ECF 1-1 at ¶¶ 21, 26 (CCPA and CRA claims brought by California citizen against AT&T on behalf of a putative class of "[a]ll persons residing in California whose PII was compromised" as a result of the data incident). Consequently, Mr. Elliott and his allegations are already subsumed within earlier filed federal cases pending in the MDL.

49. It is also worth noting that Mr. Elliott's counsel filed two other complaints against AT&T on behalf of two other named plaintiffs in California state court that are nearly identical to Mr. Elliott's Complaint here. *See Rehn v. AT&T Inc.*, Case No. 24STLC04516 (Los Angeles); *Moses v. AT&T Inc.*, Case No. 37202400028156CLNPCTL (San Diego). The only purpose of these identical, carefully structured complaints is to deprive the federal MDL court of jurisdiction over claims that have already vested there and completely subsume the claims here.

## IV. VENUE

50. This Court is in the judicial district and division embracing the place where Mr. Elliott filed the state court action and where it is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County, California, which is where Mr. Elliott filed the state court action and where it is pending. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## V. TIMELINESS OF REMOVAL

51. Mr. Elliott filed his Complaint on June 14, 2024, and AT&T was served on June 24. Thus, AT&T timely removed this action within 30 days of service. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–50 (1999) (noting that the time period for removal begins when the defendant is served with both the complaint and summons).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

## VI. CONSENT TO REMOVAL

52. Pursuant to 28 U.S.C. § 1446, all defendants properly joined consent to the removal of the state court action to this Court.

## VII. RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

53. Nothing in this Notice is intended or should be construed as an admission by AT&T of any fact alleged by Mr. Elliott, of the validity or merit of any of Mr. Elliott's claims and allegations, or as a limitation of any of AT&T's rights, claims, remedies, or defenses in connection with this action.

Dated: July 24, 2024

**BAKER & HOSTETLER LLP**

By: *<u>/s/ Kyle T. Cutts</u>*
Kyle T. Cutts

*Attorney for Defendant*
AT&T INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing Notice of Removal of Civil Action to Federal Court to be electronically filed and served with the Court's ECF system and mail, addressed as follows:

Jeremy S. Golden
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com

Respectfully submitted,

Dated: July 24, 2024

By: *__/s/ Kyle T. Cutts__*
Kyle T. Cutts

*Attorney for Defendant*